1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

NELLIE P.,

9

               Plaintiff,

10

    v.

11

COMMISSIONER OF SOCIAL SECURITY,

12

               Defendant.

Case No. C21-5892-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

13

14

      Plaintiff seeks review of the denial of her application for Disability Insurance Benefits.

15

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of

16

record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with

17

prejudice.

**BACKGROUND**

18

19

      Plaintiff was born in 1974, has six years of college education but did not graduate, and

20

has worked as a collection agent and ride-share driver.  AR 46, 61-62.  Plaintiff was last

21

gainfully employed in 2015.  AR 252.

22

      In November 2018, Plaintiff applied for benefits, with an amended alleged onset date of

23

November 1, 2016, and a date last insured (DLI) of March 31, 2019.  AR 18, 21, 45, 217-23.

Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a

1   hearing.  AR 146-48, 154-62. After the ALJ conducted a hearing in October 2020 (AR 38-71),

2   the ALJ issued a decision finding Plaintiff not disabled.  AR 18-32.

3                                        **THE ALJ'S DECISION**

4         Utilizing the five-step disability evaluation process,[1] the ALJ found:

5         **Step one**:  Plaintiff did not engage in substantial gainful activity between her alleged
          onset date and her DLI.

6
          **Step two**:  Through her DLI, Plaintiff had the following severe impairments: back pain
7         from a laminectomy, L5/S1 fusion; and glaucoma.

8         **Step three**:  These impairments did not meet or equal the requirements of a listed
          impairment.[2]

9
          **Residual Functional Capacity**:  Through the DLI, Plaintiff could perform less than the
10        full range of light work: she could lift/carry/push/pull 20 pounds occasionally and 10
          pounds frequently.  In a workday, she could sit for six hours, stand for four hours, and
11        walk for four hours.  She could climb ramps and stairs occasionally.  She could never
          climb ladders, ropes, or scaffolds.  She could stoop, kneel, and crouch occasionally, and
12        could never crawl.  She could avoid ordinary workplace hazards, but could never work at
          unprotected heights.  She could work with moving mechanical parts occasionally and
13        around dust, odors, fumes, and pulmonary irritants occasionally.  She could work in
          extremes of cold occasionally.  She could not work around uneven surfaces.  She needed
14        to be able to sit and stand at will, while remaining on task and at her workplace.

15        **Step four**:  Through the DLI, Plaintiff could perform past relevant work as a collector.

16        **Step five**:  In the alternative, as there are other jobs that exist in significant numbers in
          the national economy that Plaintiff could have performed through the DLI, Plaintiff is not
17        disabled.

18   AR 18-32.

19        The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

20   Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the

21   Commissioner to this Court.  Dkt. 4.

22   //

23   _____

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

1

**LEGAL STANDARDS**

2   Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

3   security benefits when the ALJ's findings are based on harmful legal error or not supported by

4   substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

5   2005).  As a general principle, an ALJ's error may be deemed harmless where it is

6   "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104,

7   1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to

8   determine whether the error alters the outcome of the case." *Id*.

9   Substantial evidence is "more than a mere scintilla.  It means - and means only - such

10   relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

11   *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

12   747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

13   conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v.*

14   *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

15   as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

16   Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

17   susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

18   must be upheld.  *Id.*

19

**DISCUSSION**

20   Plaintiff argues the ALJ erred in discounting her testimony, assessing certain medical

21   opinions, and discounting lay evidence.[3]  The Commissioner argues the ALJ's decision is free of

22   harmful legal error, supported by substantial evidence, and should be affirmed.

23

---

[3] Plaintiff also contends that these errors led to errors in later parts of the ALJ's decision (Dkt. 13 at 18-19), but these derivative errors need not be addressed separately.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

1    **A.      The ALJ Did Not Harmfully Err in Assessing Medical Opinion Evidence**

2          Under regulations applicable to this case, the ALJ is required to articulate the

3    persuasiveness of each medical opinion, specifically with respect to whether the opinions are

4    supported and consistent with the record.  20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  An

5    ALJ's consistency and supportability findings must be supported by substantial evidence.  *See*

6    *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).[4]

7          In this case, the ALJ found persuasive the opinions written by consultative examiners as

8    well as the initial State agency opinions, but the ALJ found the State agency opinions upon

9    reconsideration to be not persuasive.  AR 26-29.  Plaintiff raises several challenges to the ALJ's

10   assessment of the opinion evidence.

11         First, Plaintiff argues that the ALJ erred in finding that the  consultative examiners'

12   opinions are supported because the opinions are, in fact, inconsistent with her own statements as

13   well as clinical findings of other providers.  Dkt. 13 at 9.  Plaintiff's challenge does not establish

14   error in the ALJ's *supportability* finding, which it purports to dispute.  To the extent that Plaintiff

15   contends that the ALJ erred in finding the opinions "consistent with the majority of the medical

16   record, which did not reflect significant limitations in functioning" (AR 26-28), Plaintiff has not

17   pointed to any parts of the medical record addressing Plaintiff's functioning that the ALJ

18   overlooked.  Plaintiff's lengthy summary of the medical record identifies many objective

19   findings, but fails to explain how those findings impact Plaintiff's ability to function.  *See* Dkt.

20

21   ────────────────────

22   [4] In reply, Plaintiff contends that the Commissioner's new regulations are partially invalid (Dkt. 17 at 3-
     7), but the Court finds Plaintiff's argument unpersuasive in light of *Woods*.  Although Plaintiff states that
     the Commissioner's regulations do not negate decades of Ninth Circuit authority, *Woods* held that they
23   do.  *See* 32 F.4th at 787.  Unless and until the Court receives contrary guidance from the Ninth Circuit,
     the Court will continue to follow *Woods*' instructions when reviewing an ALJ's assessment of medical
     opinions under the new regulations.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

1    13 at 3-8.  Accordingly, Plaintiff has not shown that the ALJ erred in assessing the medical

2    record or in finding that it "did not reflect significant limitations in functioning."  AR 28.

3          Next, Plaintiff argues that the ALJ erred in finding the State agency reconsideration

4    opinions to be inconsistent with the medical records because the findings summarized in the

5    opening brief are more consistent with the reconsideration opinions than the initial opinions.

6    Dkt. 13 at 12.  Plaintiff fails to point to any particular finding that supports the State agency

7    reconsideration opinions, however, and, as noted *supra*, Plaintiff has not shown that any of the

8    summarized findings are connected to any particular workplace limitation.  *See* Dkt. 13 at 3-8.

9    Thus, it is not clear that the findings summarized by Plaintiff indicate that she could not perform

10   light work, contrary to Plaintiff's assertion.  *See* Dkt. 13 at 12 ("The overall evidence does not

11   support the ALJ's finding that [Plaintiff] could perform light level work.").

12         Because Plaintiff has failed to establish error in the ALJ's assessment of the medical

13   opinion evidence, the Court does not disturb this portion of the ALJ's decision.

14         **B.       The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony**

15         The ALJ summarized Plaintiff's allegations and explained that he discounted them

16   because: (1) Plaintiff's reports to providers did not match her allegations, (2) the objective

17   evidence did not corroborate Plaintiff's allegations, (3) Plaintiff did not pursue treatment for

18   many conditions that she claimed were disabling, and (4) Plaintiff's activities were inconsistent

19   with her allegations.  AR 25-26.  Absent evidence of malingering, an ALJ must provide clear and

20   convincing reasons to discount a claimant's testimony.  *See Burrell v. Colvin*, 775 F.3d 1133,

21   1136-37 (9th Cir. 2014).

22

23

1    Plaintiff first argues that the ALJ's errors with respect to the medical opinion evidence

2    tainted his assessment of her testimony.  Dkt. 13 at 13.  As explained *supra*, however, the Court

3    finds no error in the ALJ's assessment of the medical opinion evidence.

4    Next, Plaintiff argues that the ALJ's summary of the medical evidence demonstrates that

5    she has medical impairments that can be expected to cause at least some of her alleged symptoms

6    and limitations.  Dkt. 13 at 13.  The ALJ agreed with Plaintiff on this point, however.  *See* AR 25

7    ("[T]he undersigned finds that the claimant's medically determinable impairments could

8    reasonably be expected to cause the alleged symptoms[.]").  Thus, this portion of Plaintiff's brief

9    does not establish error in the ALJ's decision.

10    Plaintiff goes on to contend that although the ALJ noted that Plaintiff "did not require the

11    use of a brace or an assistive device for mobility" and that she "was not advised to recline all

12    day[,]" these findings do not explain why the ALJ discounted her testimony regarding her ability

13    to sit, stand, walk, lift, carry, or use her hands, or why the ALJ discounted her testimony

14    regarding her use of assistive devices.  Dkt. 13 at 13.  On the contrary, the ALJ reasonably

15    contrasted Plaintiff's use of assistive devices for mobility with the lack of indication in the

16    medical record that such devices were found medically necessary, and this inconsistency is a

17    valid reason to discount Plaintiff's allegations.  *See, e.g.*, *Verduzco v. Apfel*, 188 F.3d 1087, 1090

18    (9th Cir. 1999) (considering a claimant's use of an assistive device without clear medical

19    indication as one valid credibility consideration).

20    Plaintiff argues that the ALJ erred in discounting her testimony because she was not

21    currently enrolled in physical therapy, contrary to her providers' referral, and that she was not

22    performing physical therapy exercises.  Dkt. 13 at 14.  Plaintiff points to two-month stints of

23    physical therapy in 2017 and 2019, but the ALJ acknowledged these courses of physical therapy.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

1  AR 25 (finding that Plaintiff did not require "prolonged physical therapy").  Plaintiff has not

2  shown that the ALJ erred in relying on Plaintiff's failure to follow her providers' *current* referral

3  for physical therapy as a reason to discount her allegations.  *See* AR 51 (Plaintiff's testimony that

4  she does not do any physical therapy exercises at home, and that she had been referred for

5  physical therapy but had not followed up on it); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th

6  Cir. 2008) (holding that an ALJ may consider a claimant's "unexplained or inadequately

7  explained failure to seek treatment or to follow a prescribed course of treatment" when

8  evaluating a claimant's allegations).

9          Plaintiff goes on to challenge the ALJ's discounting of her glaucoma-related allegations.

10  The ALJ noted that Plaintiff underwent eye surgery and did not wear glasses, and that she was

11  able to watch television and watch her son dance and sing.  AR 25.  Plaintiff contends that she

12  did not wear glasses because she could not afford them, and that her ability to watch television

13  and her son "proves nothing."  Dkt. 13 at 14.  Plaintiff's arguments are unconvincing.  Plaintiff

14  did not testify that she could not afford glasses; she testified that she needs glasses, which would

15  be "an expense."  AR 53.  Moreover, it is not clear that Plaintiff required glasses for her

16  glaucoma: Plaintiff testified that glasses would not help her glaucoma.  AR 60-61.  Plaintiff has

17  not shown that the ALJ erred in finding that Plaintiff's glaucoma improved with surgery and did

18  not require glasses.

19          Next, Plaintiff argues that the ALJ erred in finding that her mental health problems did

20  not require treatment, and that she took medication for anxiety.  AR 25-26.  Plaintiff suggests

21  that anxiety medication *is* treatment, and thus the ALJ's findings are internally inconsistent.  Dkt.

22  13 at 14.  The ALJ indeed acknowledged that Plaintiff takes anxiety medication, but emphasized

23  that Plaintiff's mental health conditions did not lead to "significant limitations" that required

1    treatment in the form of individual or group counseling.  AR 25-26.  The ALJ noted that Plaintiff

2    had not presented to a counselor for more than a year.  AR 26.  The ALJ found that Plaintiff's

3    anxiety was not severe at step two (AR 21-23), and Plaintiff has not challenged that finding.  For

4    all of these reasons, Plaintiff has not shown that the ALJ misapprehended the extent of her

5    mental limitations or otherwise erred in assessing her mental allegations.

6          Plaintiff also contends that the ALJ erred in relying on her activities as a reason to

7    discount her allegations because the ALJ did not identify any inconsistencies in her activities,

8    nor did the ALJ identify activities that demonstrate the existence of transferable work skills.

9    Dkt. 13 at 14-15.  The ALJ did contrast Plaintiff's allegation of an inability to drive with

10   evidence that she did drive, but the evidence is not as contradictory as the ALJ suggests.  *See* AR

11   25 (ALJ states Plaintiff denies driving), AR 58 (when asked whether she drives "a lot" Plaintiff

12   responds "no" and says that her husband drives her to all of her appointments), AR 287

13   (Plaintiff's husband reports she drives only less than a mile at a time), AR 312 (Plaintiff reports

14   she drives for less than 15-20 minutes).  The record does not indicate an inconsistency in

15   Plaintiff's reports of driving, and none of the other activities cited by the ALJ contradict her

16   allegations or demonstrate transferable work skills.  Accordingly, the ALJ erred in relying on

17   Plaintiff's activities as a reason to discount her allegations.  *See Orn v. Astrue*, 495 F.3d 625, 639

18   (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's

19   testimony or (2) "meet the threshold for transferable work skills").  This error is harmless,

20   however, because the ALJ provided other valid reasons to discount Plaintiff's testimony,

21   specifically Plaintiff's inconsistent symptom reporting to providers, Plaintiff's failure to pursue

22   or follow through on treatment recommendations, and the lack of corroboration in the objective

23   medical evidence for Plaintiff's allegations.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

1

2

    For all of these reasons, the Court finds that Plaintiff has failed to establish harmful legal error in the ALJ's assessment of her allegations.

3

    **C.    The ALJ Did Not Harmfully Err in Discounting Plaintiff's Husband's Statement**

4

5

    The ALJ summarized Plaintiff's husband's third-party function report and found that it was inconsistent with the record, which included generally normal mental status examinations

6

and documented that Plaintiff could "carry out virtually all her daily activities[.]"  AR 26 (citing

7

AR 263-70).  The ALJ also noted that Plaintiff's husband's statement was not diagnostic, nor did

8

it describe functional limitations.  AR 26.

9

    Plaintiff argues that the ALJ's explanation is insufficient because lay statements are

10

inherently non-diagnostic, and are intended to document observations.  Dkt. 13 at 18.  According

11

to Plaintiff, the ALJ failed to identify any evidence inconsistent with Plaintiff's husband's

12

observations.  *Id.*  The Court disagrees, because the ALJ's decision cites evidence of Plaintiff's

13

generally normal mental functioning, which undermines Plaintiff's husband's description of

14

mental limitations such as persistence deficits and low stress tolerance.  *See* AR 289-90.

15

    Moreover, as noted by the Commissioner (Dkt. 16 at 9-10), any error in the ALJ's

16

assessment of Plaintiff's husband's statement is harmless because the ALJ provided valid

17

reasons to discount Plaintiff's allegations, which were similar to Plaintiff's husband's

18

limitations.  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009)

19

(because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own

20

subjective complaints, and because [the lay witness's] testimony was similar to such complaints,

21

it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

22

    Accordingly, the Court finds no harmful error in the ALJ's assessment of Plaintiff's

23

husband's statement.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 24th day of August, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10